# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Marks

versus

Westwind Helicopters et al

Civil Action 15-01735

Judge Rebecca F. Doherty

Magistrate Judge Carol B. Whitehurst

# ORDER

Before the Court is Defendant Rolls-Royce Corporation's ("Rolls-Royce") Motion For Reconsideration And/Or To Stay this Court's August 3, 2017 Order, *R. 159*. [Rec. Doc. 163], Plaintiffs', Shannon James, Canard Powell and Joey Ganson's, Opposition Memorandum [Rec. Doc. 170], Plaintiff's, James Marks', Opposition Memorandum [Rec. Doc. 171] and Defendant/Cross-Claim Plaintiff Westwind Helicopter, Inc.'s ("Westwind") Response to the Motion [Rec. Doc. 174].

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration. *Cressionnie v. Hample*, 184 Fed.Appx. 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). The standard of review in the Fifth Circuit for deciding whether to grant reconsideration of a discovery order is not well settled. Courts in the Fifth Circuit have typically applied the Rule 59(e) standards when reviewing motions to reconsider interlocutory orders, particularly orders that ruled on dispositive motions, in cases in which a final judgment had not yet been entered. Some courts in the Fifth Circuit, however, have analyzed motions to reconsider interlocutory orders under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised

at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). *See Hightower v. Group 1 Automotive, Inc*, 2016 WL 3430569, at *2 (E.D.La., 2016) (citing Fifth Circuit and District Court cases).

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all of the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed.R.Civ.P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981). Although the court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F .2d 1408, 1414–15 (5th Cir.1993), it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. See, e.g., 18B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4478.1 (2d ed.2002).

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See e.g., Leong v. Cellco P'ship*, 2013 WL 4009320, at *3 (W.D.La. July 31, 2013). The proper inquiry is whether the moving party has "clearly establish[ed] either a manifest error of law or fact or ... present[ed] newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir.2005). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry

of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004). Yet, the court is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D.Tex. Apr. 26, 2011) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990).

In deciding motions under Rule 59(e), the Court considers four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law. *Hearne v. Kansas City Southern R. Co.*, 2015 WL 5708291, at *1 (W.D.La.,2015); *Faye v. Lytal Marine Operators, Inc.*, 2000 WL 19474 at *1 (E.D.La. Jan. 11, 2000). The Court is mindful that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

As provided in the record, the Court conducted a telephone hearing on August 2, 2017, at which time the Court heard oral argument on Rolls-Royce's Motion to Stay Discovery, or Alternatively for Protective Order, and all objections thereto. *R. 158*. After due consideration of all parties' arguments on their briefs as well as the Court's review of the record of this matter, the Court denied Rolls-Royce's Motion. *R. 159.* Now, upon considering Rolls-Royce's Motion For Reconsideration and the

3

related objections, the Court finds no basis to reconsider or rescind its previous decision to deny the Motion to Stay Discovery, or Alternatively for Protective Order. Rolls-Royce has failed to meet any of the factors in deciding motions under Rule 59(e)—it has not demonstrated that this Court has committed a manifest error of law or fact and has not presented any new evidence to the Court. Neither has there been an intervening change in the law nor evidence of any manifest injustice.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant Rolls-Royce Corporation's Motion For Reconsideration And/Or To Stay this Court's August 3, 2017 Order [Rec. Doc. 163] is **DENIED**.

**THUS DONE AND SIGNED** this 28th day of September, 2017 at Lafayette, Louisiana.

*[signature]*
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**