UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| JAMES MARKS, ET AL. | * | NO. 6:15-CV-1735 (LEAD) |
|---|---|---|
| | * | NO. 6:15-CV-1745 |
| VERSUS | * | |
| | * | JUDGE DOHERTY |
| WESTWIND HELICOPTERS, INC., ET AL. | * | |
| | * | MAGISTRATE JUDGE WHITEHURST |

## RULING

Before the Court is an Appeal from the Magistrate Judge's *Discovery Order*. Defendant Rolls-Royce appeals Magistrate Judge Whitehurst's *Order* (Rec. Doc. 159) which denied Rolls-Royce Corporation's *Motion to Stay Discovery, or Alternatively for a Protective Order* (Rec. Doc. 121). The Appeal is opposed by all Plaintiffs. (Rec. Docs. 169, 172, 173). The Court has considered the submissions of the Parties, the procedural and factual background, and the applicable law and, for the following reasons, the Appeal is DENIED and the Magistrate Judge's discovery *Order* is hereby AFFIRMED.

This appeal is governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[1] "The clearly erroneous standard applies to the factual

---

[1] *Orthoflex, Inc. v. ThermoTek,* Inc., 990 F.Supp.2d 675, 682–83 (N.D.Tex., 2013), *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D.Tex. June 24, 2003).

components of the magistrate judge's decision."[2] "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed."[3]

A magistrate judge is permitted broad discretion in resolving nondispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). A magistrate's order concerning nondispositive matters may only be reconsidered where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.[4]

Rolls-Royce argues that it was clear error for the Magistrate Judge to decline to stay discovery pending disposition of Rolls-Royce's *Motion to Dismiss, or in the Alternative, for Sanctions based on Spoliation of Evidence* (Rec. Doc. 117). Rolls-Royce passionately asserts that "in allowing unfettered discovery of Rolls-Royce to proceed before this Court decides Rolls-Royce's pending *Motion to Dismiss, or in the Alternative, for Sanctions based on Spoliation of Evidence*, the decision of the Magistrate Judge, with all deference, was clearly erroneous."

However, the record reveals that discovery had been propounded to Rolls-Royce before the Motion to Dismiss was filed, which discovery went unanswered. After the Motion to Dismiss, premised on spoliation was filed, Plaintiff Westwind Helicopters, Inc. ("Westwind") propounded additional written discovery to Rolls-Royce which Westwind

---

[2] *Orthoflex, Inc. v. ThermoTek,* Inc., 990 F.Supp.2d 675, 682–83 (N.D.Tex., 2013), *Lahr v. Fulbright & Jaworski, L.L.P.,* 164 F.R.D. 204, 208 (N.D.Tex.1996), quoting *Smith v. Smith,* 154 F.R.D. 661, 665 (N.D.Tex.1994) (internal quotation marks omitted).
[3] *Id.*
[4] Fed.R.Civ.P. 72(a). *Moore v. Ford Motor Co.,* 755 F.3d 802, 806 & n. 6 (5th Cir.2014).

contends seeks information "directly related to the discovery issue Rolls-Royce raised"[5] in its Motion to Dismiss.

Rolls-Royce concedes that "a stay of discovery is not appropriate when it could prevent a party from 'having a sufficient opportunity to develop a factual base for defending against a dispositive motion.'"[6] Spoliation, the gravamen of Rolls-Royce's *Motion to Dismiss* is a fact intensive inquiry. Under the circumstances presented, the Court finds no clear error by the Magistrate Judge in declining to stay discovery. The Magistrate Judge's *Discovery Order* is hereby AFFIRMED and Rolls-Royce's appeal is hereby DISMISSED with prejudice.

Signed in Baton Rouge, Louisiana on August 15, 2018.

                                                    **CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. 172.
[6] Rec. Doc. 164-1 citing *Parish of Jefferson v. La. S. Recovery Mgmt., Inc.,* 1996 WL 144400.